Good morning. My name is John Young. I represent Alfonso Regalado in this case. Counsel, I've got a question for you. Yes, sir. As I understand it, the old statute that provided for the different notice time has been repealed, but the old regulations that were promulgated pursuant to that statute remain in effect, and they're still in the CFR as of the time of the relevant events in this case. Is that right? If I understand it correctly, the old statute did not address times at all, and the CFR addressed conveyances and put out a 60-day limitation on the forfeiture of conveyances. That's what I gather. The CFR, though, is adopted to implement the now-repealed statute. Is that right? It was adopted pursuant to the previous statute. That's correct. The repealed statute. Yes. Is there – I didn't notice in the briefs, is there any law that addresses the effect of regs that remain in effect where the underlying statute has been repealed? Not that I'm aware of, no. The government and I are both relying on different parts of the same canon of statutory construction, and – I know the general stuff. I was just looking for some more specific guidance, and it doesn't look like there is any. Is that right? No, it doesn't. With respect to this CFR that's still in effect or is still in place, this CFR goes back to 1989, I believe it went. Well, regardless of if the regulation is in conflict with the statute, the regulation has to yield, wouldn't you agree? I don't think they are in conflict. The way the district court interpreted that CFR and the way the government interprets that CFR, they interpret that the CAFRA statute to give them 90 days in which to file their claim. That's not what the language is. The language in CAFRA, the language in 18 U.S.C. 983 is that not later than 90 days after the complaint has been filed, the government must file its complaint. I understand your position, but I think just so we're all on the same page, you would agree that if a statute is in conflict with the regulation, the statute trumps. Right. If the statute is in conflict, yes. Here the statute says not later than 90 days. The reg says not later than 60 days. That's right. And your contention is that's not in conflict because if you do it in 59 days, you're conforming to both. That's exactly right. I think that's one analysis. And then the other analysis is the one that the U.S. Supreme Court used in the sheet metal workers case, and that is the CFR is more specific than the statute. The CFR specifically deals with conveyances, and it makes sense to deal with conveyances differently. Let me ask you something about the conveyances. There's another difference in the statutes, and that is the new 90-day statute. You don't have to post a bond. And the old provision, the 60 days runs from 1316.97a. The 60 days runs from the filing of the claim and cost bond. I don't think your claimant posted a cost bond, did he? That's right. We followed the instructions that the DEA gave us in its notice of intent to forfeit. They did not want a cost bond. If we had tried to post one, they probably would not have accepted it. I think that's a good illustration. Did you try to post one? No, we didn't. And, frankly, he wouldn't have had the money if we had tried. But that's a good illustration, I think, of an irreconcilable conflict. I was thinking if you really wanted to nail them down to the 60-day deadline, you could have a cover letter saying, we're making a claim and posting a cost bond pursuant to 13.1697a, and here's our cost bond. Well, the filing of the claim happened well before the 60 days expired. We weren't looking at the 60-day deadline at that point. We weren't looking at the CFRs at that point. We simply complied with the notice that the DEA gave us. It wasn't until they accepted our claim and then did not proceed in the district court that the 60 days ran, and that became an issue. What we were going to litigate was my client's knowledge of the marijuana that was in the trailer. As it turned out, we lost that at trial, and so that was no longer an issue. But what was an issue was the 60-day deadline. Do you know anything about the cost bonds under the old procedure, how the amount is determined or anything? I believe that it was a percentage up to $5,000, but I'm not certain on that. I very rarely do any civil work and am very rarely engaged in forfeiture work. Usually when I see a forfeiture, it's part of the criminal indictment against my client, and it gets decided at trial or during the plea negotiations. It just didn't happen that way in this case. When you bail a ship out in Admiralty, the bond relates to the value of the ship, but that's not called a cost bond, and I was just wondering what the procedure is for knowing how much. I don't know. I seem to recollect I think that there's a $5,000 cap on the amount, and I think it's 10%, but I'm not certain. That may be in Section 983 that I'm recollecting that. Mr. Young, as you indicated, your client went to trial in the criminal case, right? Yes, Your Honor. And lost. Yes, he did. So the knowledge element has been conclusively established against him, hasn't it? It has. Well, it's almost like he doesn't have standing to pursue this claim, does he? I mean, what's the point? I mean, suppose you establish that, you know, the 90-day provision of the part. What good does it do you? Well, if the government. You're collaterally stopped, right, from pursuing the claim? No. At this point, the government is a stop from pursuing the claim. They were required to file their complaint within 60 days, and they didn't do so. So at this point, they're not entitled to file their complaint. Had they filed their complaint, I would be stopped by the decision at the trial, yes. I did want to touch a little bit on the entire canon that we're discussing. It's set out more completely in several different places. The National Institute of Trial Advocacy has a very good handbook on the issue. Sutherland addresses it. The Uniform Law is annotated, address it. Basically, amendments by implication, as in this case, are not favored because that's not the usual way of amending statutes, and they will not be construed to have amended a previous statute unless they are so irreconcilable that they cannot both stand. The ULA goes on to say that an earlier enacted specific special or local statute prevails over the general statute, and that's what the Supreme Court got to in Guidry v. Sheet Metal Workers. First of all, I don't think these two statutes are irreconcilably inconsistent. One says within 60 days. One says within 90 days. My children are both in middle school, and they can resolve that very quickly with a simple Venn diagram, 60 days is less than 90 days, comply with both statutes. And the other way of reconciling that is the Guidry case, the earlier enacted specific special or local statute prevails, which is another way of saying that they are not irreconcilable because one is more specific than the other. If there are no further questions, I'll reserve the remainder of my time. Thank you, counsel. Thank you. Good morning. May it please the Court. My name is Reese Fosbick. I'm an assistant United States attorney from Tucson, Arizona. I represent the United States in this matter. Certainly the statute is in conflict with the regulation. Certainly. I don't get the adverb here. I don't even see the conflict. Well, defense counsel. If the statute says you have to do something within 90 days and the regulation, which is promulgated by the same government that's trying to take the truck, says you have to do it within 60 days, they'd only be in conflict if obeying one meant disobeying the other. And here you can obey both. You can conform to both. Just do it. If anything you do on the 59th or I can't remember if it's less than or within, say, 60 days, just file the claim within 60 days and you're conforming to both.  So what's the conflict? The conflict is that claimant in this case has decided that 60 days is a drop-dead deadline, and if, in fact, the government hadn't filed it. Well, they didn't decide it. There's a federal regulation that says so. Well, the regulation does say that, but the statute that the government relied on in filing this and the notice that they gave to the claimant, and counsel admitted that they got notice from DEA, the notice they got cited 21 U.S.C. 881. We very frequently have an analogous situation where federal statute provides for opposition to or provides for motion procedure and other procedures in federal courts. Then there are rules that provide for the procedures in more detail, federal rules of civil procedure, but they don't have deadlines in them. Then the local rules of the district court typically, or of the circuit court in this case, have the deadlines, and even though they're different from the federal rules of civil procedure, the local rule deadlines are not inconsistent. You can obey both, so people have to file things by the deadlines in the federal rules of civil procedure and the local rules. Why isn't this analogous? This is not analogous because CAFRA, which addressed this and many, many other issues involving forfeiture when it was passed in 2000, specifically addressed all civil forfeiture actions and provided for the 90 days for filing of a complaint. It also did away with some of the requirements. It says all civil actions, 90 days, and then you have another reg that says conveyances, 60 days. It is not absurd for the federal government to have that scheme because conveyances may be needed sooner and may more frequently be in the possession of somebody other than the criminal. So they're not absurd. All the rules can be conformed with, and I don't see why saying for all forfeitures 90 days, for conveyance forfeitures 60 days, is a problem to interpret. I don't believe it's a problem to interpret. I think it's a problem of the application of the statute that the forfeiture proceeded under. And in this instance, defense counsel cites 19 U.S.C. 1608, which is not the statute that this forfeiture proceeded under. Again, 21 U.S.C. 881 is the statute. When you say proceeded under, you put that in a passive voice, but I think what you actually mean is the government chose to use the 90-day statute and not the 60-day reg. But I don't know if it's up to the prosecutor to decide what law he wants to follow. Well, the law that I cite is the authority that gave us the authority to actually file the complaint. The way the structure of the forfeiture statutes are is that you have to have authority to file a forfeiture, and it used to be that certain statutes provided for criminal prosecutions, but it didn't provide for forfeiture. And so what CAFR tried to do is try to establish these new statutes that said, okay, for all these criminal cases, there now are civil forfeiture authority, and there are also procedures to be followed when you apply those civil forfeiture authorities. So in this case, again, if you look at 21 U.S.C. 881, it talks about all conveyances, including vehicles, are subject to forfeiture if they're used to transport controlled substances, and that's what we have in this case. So when you say, well, why did you pick that, it's because that's the statute that gives the government authority to forfeit. May I interrupt just for a second and ask a slightly different question? You know, usually the government comes in defending its own regulations. Now, the agency didn't choose to amend the regulations following the passage of the statute. Have you talked with the agency to make sure that you're representing the agency when you say the agency's regulation is invalid? I mean, you're representing the United States here, and that's why I asked the question. I don't mean to put you on the spot, but it's pretty rare for the government to come in and argue that its own regulation violates the statute, that the agency was acting ultra various, if you will, in promulgating and continuing to enforce the regulation. Do you catch my point? I catch it, and I guess I apologize if that's the drift I sent you, because we did not intend to imply that the statute isn't valid. No, no, no. It's not invalid. It's still out there. The law, though, when CAFRA was enacted, provided a network of statutes, and there's a very good article by Mr. Casella that I cited in my brief, where he talks about you had this patchwork of forfeiture statutes from different areas, and so what CAFRA intended to do is it intended to address as many forfeitures as it could, especially civil. And it talks about to the extent that the CAFRA is inconsistent with the regs that you're talking about, that the statute will control, and in this case... That's true, but the agency didn't take that action. That's my only point. I mean, we have arguments in the United States all the time saying the courts have no business in declaring our regulations invalid. It's just rare that essentially what you have to do in this case is to say this regulation conflicts with the statute, and therefore it's invalid. It's inapplicable, because there are some areas... I think you just chose a word with care there. I think what you said in answer to a previous question by Judge Thomas was we do not contest the validity of the statute. The statute is still, I think you called it out there, and you meant it's still, or the regulation, rather, is still in effect. So you think the regulation is still the law, and your contention is not that it isn't the law, but just that you don't have to follow it if you choose to forfeit the property under the statute. Is that right? That isn't exactly what my position is. Is the regulation the law or not? In this situation, the regulation does not control the forfeit. I didn't ask you if it controls. Something in 14 U.S.C. doesn't control either, but it's the law. Right. I want to know, are you saying that the regulation is no longer the law, or are you just saying we're not proceeding under it, so we're not bound by it? I'm saying that the regulation is still valid, but the statute is inconsistent with it, and so the statute controls in this instance. Is there any circumstance that you could give me where the regulation would control? Sure, if there were a forfeiture, a civil forfeiture, under a statute that didn't apply CAFRA. In that instance, if you've got regulations that control forfeiture, for example, Title 19 in this case, there's a provision on either side of 1608 that talks about the limit on the amount that a forfeited property, the value that it can be is $500,000. CAFRA didn't address that, so that is still the limit. So in that instance, that law is the same as 1608 or 1612 or even 1619, but to the extent that CAFRA says we're addressing that, that regulation doesn't apply. Similarly to, as the claimant's counsel was asked, he says you didn't file a bond in this case. He said no, because CAFRA doesn't require a bond. It specifically says no bond is required when proceeding with forfeiture under this civil authority, whereas 1608 required the posting of a cost bond. So I couldn't find anything that told me how much the bond is supposed to be or what form it's supposed to be in. Is there something? Yes, sir. Under USC 1608, the giving of a bond to the United States in the penal sum of $5,000 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250. Is that the cost bond? Yes, sir, that's the cost bond. Not the raised bond? That's the cost bond, yes. That's the bond. And then what that statute says is that once you file a claim and that cost bond, that would then kick the matter to the government to file their judicial forfeiture. And in this case, counsel wants to cite that statute in support of his position that the government's complaint was untimely, yet didn't comply with the provision. And if you actually read that provision and what it stands for. Could you read the words of that 19 U.S.C. 1608? It sounds funny for a cost bond. It sounds more like a raised bond. Upon the filing of such claim and the giving of a bond to the United States in the penal sum of $5,000 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250. And then it talks about with sureties to be approved in the procedure. And then once the customs agent gets that, they have to send proof of that to the United States for purposes of them filing a judicial complaint. I know Judge Tashimi has a question. I just want one more if our presiding judge will permit it. Please go ahead. I understand your argument that this regulation can apply in other contexts. But in order to reach the result you want in this case, don't we have to say that the regulation conflicts with the statute in CAFRA and therefore it's invalid in these kinds of situations? It does conflict, but that just overrides it. It means it's not applicable. It's more like a preemption argument, isn't it, in the circumstances? In other words, the regulation you say is there and it applies in situations which aren't preempted by CAFRA. Correct. And CAFRA overrides the regulation in this instance. My time is up, and I apologize. I would just ask the Court to affirm the grandian of the government's cross motion for summary judgment under these circumstances. Thank you. Thank you, counsel. Unless the Court has any further questions, I don't have anything. Do you have any more to say about the cost bond? About the cost bond, and I maybe wasn't clear enough. It looks to me as though the government's conceded that it's still a valid regulation. In effect, it's still the law of the land, but you didn't file a cost bond. In order to operate that 60-day machine, you have to file a cost bond under the reg. They didn't ask for a cost bond. At the time I filed the claim, I had no idea they were going to blow the 60-day deadline. Who wants to ask if you can trap your adversary into making a procedural error? Well, there was no trap to be set because the 60 days hadn't run yet. The 60 days didn't start to run until I filed the claim. Then they filed their complaint. Well, it doesn't have to. It says within 60 days of the filing of the claim and cost bond. So it sounds like in order to cock your 60-day gun, you have to do two things. It's not enough to pull the hammer back. You have to file the cost bond. Well, I wasn't trying to set a 60-day trap for them. I had no idea that they were going to blow the 60 days. They did. And once the 60 days were blown, then I had to file a claim and an answer in the district court in the civil forfeiture case. At that point, I'd already lost the criminal case. And so what I was intending to litigate was no longer on the table. But the cost bond would have been filed at the same time as the claim, and the 60 days weren't even on the horizon at that point. Thank you, counsel. Thank you, Your Honor. United States v. Regalado is submitted.
judges: Kleinfeld, Tashima, Thomas